Crew, J.
The record in this case presents the question, whether the widow of a decedent, who at the time of his death was neither a citizen of nor resident in the state of Ohio, can maintain an action in the courts of this state to recover damages for his wrongful death occurring in another state, where the statutes of the state in which he was killed gives her the right to maintain such action in that state. Or differently stated, the question here to he determined is, will the courts of this state take and entertain jurisdiction of actions to recover damages for wrongful death under the statutes of a sister state, where, as in this case, the decedent and his next of kin were, at the time of the injury and death for which a recovery is sought, all citizens of, and residents in, such sister state. As appears of record in this case, the cause of action relied upon and pleaded by plaintiff in her second amended petition, is not one arising in, or founded upon any statute of, the state of Ohio; but said cause of action is one that accrued to her in the state of Pennsylvania, and is founded upon cer *20 tain statutes of that state set forth and pleaded by her in said amended petition as follows :
“That by reason of the premises a right of action accrued to plaintiff upon the death of her husband, the said Harry E. Chambers, in the manner aforesaid, by the means aforesaid, under and by virtue of the act of the general assembly of the state of Pennsylvania, approved April 15,1851, and the act of the general assembly of said state, approved April 26, 1855. Sections 18 and 19 of the act of April 15,1851, are as follows:
“Sec. 18. No action hereafter brought to recover damages for injuries to the person by negligence or default, shall abate by reason of the death of the plaintiff; but the personal representatives of the deceased may be substituted as plaintiff, and prosecute the suit to final judgment and satisfaction.
“Sec. 19. Whenever death shall be occasioned by unlawful violence or negligence, and no suit for damages be brought by the party injured, during his or her life, the widow of any such deceased, or if there be no widow, the personal representatives, may maintain an action for and recover damages for the death thus occasioned.”
Sections 1 and 2 of the act of April 26, 1855, are as follows:
“Sec. 1. The persons entitled to recover damages for any injury causing death, shall be the husband, widow, children or parents of the deceased, and no other relative, and the sum recovered shall go to them in the proportion they take his or her personal estate in case of intestacy, and that without liability to creditors.
“Sec. 2. That the declaration shall state who are the parties entitled to such action; the action *21 shall he brought within one year after the death and not thereafter. ’ ’
Plaintiff further says that by section 21, article 3, of the constitution of the state of Pennsylvania, of 1874, it is provided as follows, to-wit:
“Sec. 21. No act of the general assembly shall limit the amount to be recovered for injuries resulting in death, or for injuries to person or property, and in case of death from said injuries, the right of action shall survive and the general assembly shall prescribe for whose benefit such actions shall be prosecuted.”
A comparison of the foregoing statutes, with the wrongful death statutes of our own state, independent of section 6134a, which is hereinafter specially considered, will disclose the fact, that although they belong to the same general class of legislation, they are nevertheless, in many of their provisions, wholly unlike the Ohio statutes. And while in the present case we entertain the opinion that this dissimilarity in provision is not such as of itself to defeat jurisdiction, yet the fact that such dissimilarity exists, is at least, we think, worthy of note. The following are some of the points of difference. Under the Pennsylvania statute the . action for causing wrongful death must be brought by the widow, if there be one; — under the Ohio statute (6135, Rev. Stat.) such action can only be brought by the personal representative of the deceased person. In Pennsylvania the action must be brought within one year from decedent’s death and there is no limit to the amount of the recovery. In Ohio (sec. 6135, Rev. Stat.) the action must be brought within two years from the death of the decedent and the amount that may be recovered is expressly limited to a *22 sum not exceeding ten thousand dollars. Plaintiff’s action in the present case being in its nature special, and one founded exclusively upon the statutes of the state of Pennsylvania, and being for a cause of action arising wholly within that state for wrongfully causing the death of a citizen of that state, even though such cause of action be held to be transitory in its nature, the only principle upon which plaintiff may invoke the jurisdiction of, or may maintain such action in, the courts of this state, in the absence of express legislative permission so to do, is that of comity, and if her action be not sustainable upon that ground she must be held to be without right to bring or maintain the same in the courts of Ohio, for it must be conceded that the statutes of Pennsylvania can not operate to confer upon her any such right, they being without authority or binding force beyond the territorial limits of that state.
Judge Story in his treatise on the conflict of laws, lays down as the basis upon which all reasonings on the law of comity must necessarily rest, the following maxims: First, “that every nation possesses an exclusive sovereignty and jurisdiction within its own territory.” Secondly, “that no state or nation can by its laws directly affect or bind property out of its own territory, or bind persons not resident therein, whether they are natural born subjects or others.” The learned judge then adds: “From'these two maxims of propositions, there follows a third, and jthat is, that whatever force and obligation the laws of one country have in another, depend solely upon the laws and municipal regulation of the latter; that is to say, upon its own proper jurisprudence and polity, and upon its own express or tacit consent.” *23 Story on Conflict of Laws, sec. 23. And Minor in his very recent work, Conflict of Laws, page 10,- sec. 6, in discussing the exceptions to the enforcement of a foreign law in the state of the forum, says: “Few general principles of private international law are so well settled as the rule that no foreign law (even though, under ordinary circumstances it be the proper law’) will be enforced in a sovereign state, if to enforce it will be to contravene the express statute law or an established policy of the forum, or is injurious to its interests. ” The doctrine of the foregoing authorities, — and many more might be cited to the same effect, — leads to the conclusion, that an action may only be brought and maintained in a jurisdiction other than that in which the cause of action arose, when the cause of action is itself transitory, and its enforcement not inconsistent with, or obnoxious to, the laws or public policy of the jurisdiction in which the suit is brought. In other words, the law of comity, so called, is not a law of absolute obligation, and its principles can never properly be invoked in aid of the enforcement of a foreign statute, where the effect of the enforcement of such foreign statute would be, or is, to set at naught the positive law or public policy of the particular forum to which resort is had. Logically, then, the inquiry suggests itself in the present case: is it in harmony and accord with the laws and public policy of the state of Ohio, to permit the enforcement in the courts of this state of a cause of action arising under the wrongful death statutes of the state of Pennsylvania, in favor of the next of kin of one who at the time of his death was neither a citizen of nor resident in the state of Ohio? Primarily, the legislature must be held to be the judge, of questions of public policy, *24 and if it has spoken plainly, either for or against the enforcement of a statute of a sister state in a given case, the courts must obey its mandate. It is well understood that at common law, in pursuance of the maxim actio personalis moritur cum persona, no right of action existed in favor of the heirs, distributees, or personal representative of a deceased person, for damages for his wrongful death. The right of action which the injured person had abated with his death. This, unsatisfactory state of the common law with respect to the right to recover for death due to negligence or wrongful act, led to the passage of statutes giving a right of recovery in such eases. The earliest of these statutes was the English act of 1846, 9 and 10 Vict., c. 93, commonly known as Lord Campbell’s Act, and this enactment has served as the model for much of the subsequent legislation on this subject, now to be found in most, if not in all, of the states of the Union. 8 Am. & Eng. Ency. Law, 854, 858. By an act of the general assembly of the state of Ohio passed March 25, 1851 (S. & C., 1139), Lord Campbell’s Act was adopted into, and became a part of the legislation of this state, and the right was thereby given for the first time, in Ohio, to recover for a death caused by wrongful act, neglect or default. This statute, in the form in which it was originally enacted, was several times before this court for review, and it was uniformly held that the act gave no right of recovery in those cases where the wrongful act which caused the death, occurred outside of the state of Ohio. This court so held in Woodard v. Railroad Co., 10 Ohio St., 121; Hover, Admr. v. Pennsylvania Co., 25 Ohio St., 667; Brooks, Admr. v. Railway Co., 53 Ohio St., 655, and Railroad Co. v. Fox, Admr., 64 Ohio St., 133. In Hover, Admr. v. *25 Pennsylvania Co., supra, the court says: “The act of March 25, 1851 (S. & C., 1139), allowing an action by the representatives of a party whose death was caused by the wrongful act of another, does not extend to eases where the wrongful act which caused the death was committed outside the state of Ohio.” In Railroad Co. v. Fox, Admr., supra, Spear, J., at page 141, referring to section 6134, Revised Statutes, which section differs in no essential particular from the original act of March 25,1851, says: “It is established law in Ohio, however, that section 6134 does not extend to wrongful acts causing death outside of this state, and that prior to the passage of section 6134a, Revised Statutes, no action by an administrator for such cause could be maintained in our courts. ” This, then, was the status of the law of Ohio up to, and until, the enactment of original section 6134a, Revised Statutes, which was passed May 21, 1894 (91 O. L., 408), and is as follows:
“Whenever death has been or may be caused by a wrongful act, neglect or default in another state, territory or foreign country, for which a right to maintain an action and recover damages in respect thereof is given by a statute of such other state, territory or foreign country, such right of action may be enforced in this state, in all cases where such other state, territory or foreign country allows the enforcements in its courts of the statute of this state of a like character; but in no case shall the damages exceed the amount authorized to be recovered for a wrongful neglect or default in this state, causing death. Every action brought under this act where the death has already occurred shall be commenced within one year from the passage of this act; and in all other cases, within the time prescribed for the *26 commencement of such action by the statute of such other state, territory or foreign country. ’ ’
This legislation is supplementary in character, and presupposes, and is in effect a legislative declaration, that without it no action could be maintained in Ohio to recover damages for wrongful death occurring in another state, territory or foreign country; for if such right already existed under favor of the provisions of section 6134, Revised Statutes, then section 6134a was a vain and useless enactment. We think therefore it must be conceded that this statute created, and was intended to create and give, a new right of action which theretofore did not exist. But it will be observed that the right or authority thereby given, to enforce such new right of action in this state, for a death occurring in another state, is a qualified and conditional right, and is, by express provision, subject to the limitation that the courts of the state in which the death occurred shall enforce the statute of this state of like character. In Railroad Co. v. Fox, Admr., supra, this court, as'we have seen, recognized, and declared the fact to be,, that section 6134a created and gave a new right of action, and furthermore, the court in that case decided that the right of action so given could only be enforced in this state under the limitations, and upon the condition prescribed in the statute. In the opinion in that case it is said at pages 144 and 145:.
“Nor is there ground for saying that our statute, section 6134a, is satisfied by the mere entertaining by the courts of another state of a cause of action for death occurring in our state. Such is not the language of the law. It is.not the entertaining of the suit that is stipulated for, but enforcement of our statute of like character. This means that it is the *27 law of Ohio which the sister state will enforce; not necessarily the law of that state, for where there is an essential difference, as has already been pointed out, it can not be said by enforcing their own law the court of the other state is enforcing our statute. Our statute rests upon the ground of reciprocity which is based upon the idea of comity, and the very essence of reciprocity implies that each state, as to the subject matter, shall have and enforce identical laws; not simply provisions which may be in many respects similar, but in all essential particulars the same. It seems to us clear that the laws of Indiana, while they permit the bringing of actions in the courts of that state to recover for death occurring in another state, require the determination of the rights of the parties by the provisions of their own laws, but do not enforce the laws of the state where the injury was committed. ’ ’
On May 6, 1902 (95 O. L., 401), section 6134a, above quoted, was amended, and the original section was repealed. This amended section, which was in force at the time of the trial of this case in the court of common pleas, provides as follows:
“Whenever the death of a citizen of this state has been or may be caused by a wrongful act, neglect or default in another state, territory or foreign country, for which a right to maintain an action and recover damages in respect thereof is given by a statute of such other state, territory, or foreign country, such right of action may be enforced in this state within the time prescribed for the commencement of such action by the statute of such other state, territory or foreign country. ’ ’
It is important to note that this amended section changes the former law in two essential particulars: *28 1. It dispenses with the condition that the state in which the wrongful death occurs shall enforce in its courts the statute of this state of like character. 2. It in terms limits the right therein given, to maintain, an action in this state for wrongful death occurring in another state, to actions for causing the death of citizens of Ohio. Whereas original section 6134a gave such right without limitation or restriction as to citizenship. If as contended by counsel for defendant in error in their brief herein, it was not the purpose or intent of the legislature by this amendment to limit and restrict the right to recover in the courts of this state, for wrongful death occurring in another state, to those cases where the person killed was a citizen of Ohio; and if as they contend, ‘ ‘ The prime object of this statute (amended section 6134a) was to permit the actions embraced within its terms to be brought in the courts of the state of Ohio, whether or not our statute would be enforced in the foreign state and to give a statutory sanction to such actions, instead of allowing the same to remain subject to the law of comity, ’ ’ then indeed was the legislature most unfortunate in the method employed, and in the language used, to accomplish this result. If such only had been the legislative purpose, that purpose could have been much more easily and effectively accomplished, by merely omitting from original section 6134a the clause, “in all cases where such other state, territory or foreign country allows the enforcement in its courts of the statute of this state of a like character,” and we think it but fair to presume, that had such been the sole object sought to be accomplished by the legislature, that this amendment would have taken some such form. Having regard then to the scope and effect of the provisions of the section *29 amended, and to the especial character of the amendments made, we think it clear, that the legislature by the adoption of amended section 6134a, undertook, and intended thereby, to limit and restrict the right to recover in the courts of this state, for a wrongful death occurring in another state, to those cases where the person killed was, at the time of his death, a citizen of Ohio. But it is contended in argument by counsel for defendant in error, that such construction and interpretation of this statute renders it unconstitutional, by putting it in conflict with section 2, article 4 of the Federal Constitution, which provides that: “The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states. ’ ’ But the contrary is now too well established to be disputed. This constitutional provision applies to fundamental and universal rights, not to special privileges. Minor’s Conflict of Laws, 15. Furthermore, under this statute, non-resident next of kin have equal rights, and our courts are equally open to them, as to resident next of kin, provided only that the person whose wrongful death is the subject of the action, was at the time of his death a citizen of Ohio. It is also suggested by counsel for defendant in error, that if the courts of this state will not permit the enforcement therein, of actions for wrongful death occurring in other states, without reference to thé citizenship of the person killed, that in many cases the right of recovery will be wholly lost. This does not follow, for in all cases of diverse citizenship the Federal courts are given jurisdiction, and the wrongdoer may be followed to any state into which he may go, and the right given by the state where the death occurred, may there be enforced against him in the courts of the Hnited States.
*30 From a consideration of the statutes hereinbefore referred to, and the former decisions of this court, we think it must now be held to be the recognized policy and established law of this state, that an action for wrongful death occurring in another state, will not be enforced in the courts of this state, except where the person killed was, at the time of his death, a citizen of Ohio. And we think the case at bar, aptly and forcibly illustrates the wisdom of such a policy. In the present case, the plaintiff below, Elizabeth M. Chambers, resides in, and is a citizen of, the state of Pennsylvania; her husband, Harry E. Chambers, at the time of his injury and death, resided in and was a citizen of the state of Pennsylvania; the alleged wrongful act occurred, and the cause of action arose, in the state of Pennsylvania; defendant below, The Baltimore & Ohio Railroad Company, then operated, and now operates, its line of railroad in said state, and could have been as easily sued in that state as in Ohio. But for some reason, which we may guess, but which the record does not affirmatively disclose, plaintiff elected to bring her action in this jurisdiction as a matter of convenience, and not from necessity. To open our courts in such cases, and under these circumstances, for the adjustment and settlement of the rights of the parties, is to extend an invitation to all such persons, who may, for whatsoever reason, prefer to resort to our tribunals, to' seek the • courts of this state to enforce their claims. Thus we should greatly add to the already overburdened condition of the dockets in all our courts, and thereby make the settlement of rights originating outside the state, between citizens of other states, a charge and burden upon the people of our own state. The legislature *31 of Ohio has, we think, by the foregoing legislation, manifestly declared that -such is not the policy of this state.
It follows therefore that the judgment of the circuit court must be reversed and judgment entered for plaintiff in error upon the conceded facts.

Judgment reversed.

Davis, C. J., Shauck, Price and Spear, JJ., concur.